IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 3:11cr13

PHILLIP A. HAMILTON,
         Defendant.

## DEFENDANT PHILLIP A. HAMILTON'S BRIEF IN SUPPORT OF MOTION TO DISMISS TWO-COUNT INDICTMENT FOR FAILURE TO STATE OFFENSES AS A MATTER OF LAW

COMES NOW the defendant, Phillip A. Hamilton, by counsel, and as and for his Brief In Support of Motion To Dismiss Two-Count Indictment For Failure To State Offenses As A Matter Of Law, respectfully states as follows:

### INTRODUCTION

Count One of the Indictment purports to charge the defendant with a violation of 18 U.S.C. § 666(a)(1)(B), also described in the Indictment as "Bribery Concerning Federal Program Funds." Indictment at p.1.

Count Two of the Indictment purports to charge the defendant with a violation of 18 U.S.C. § 1951, also known as the Hobbs Act, and also described in the Indictment as "Extortion Under Color of Official Right." Indictment at p.10.

For the reasons stated below, the defendant respectfully submits that Count One fails to charge sufficiently the offense of federal program bribery under 18 U.S.C. § 666(a)(1)(B), and that Count Two fails to charge sufficiently the offense of extortion under the color of official right under 18 U.S.C. § 1951.

### FACTS

### Count One

1

Paragraphs 1 through 21 of the Indictment purport to set forth the facts alleged in support of defendant's alleged criminal conduct.

Paragraph 22 of the Indictment specifically incorporates by reference the facts alleged in Paragraphs 1 through 21 in order to support expressly the charge of alleged federal program bribery.

Count One, comprised only of Paragraphs 22 and 23, seeks to allege, in pertinent part, a violation of § 666, in that the defendant allegedly:

> …being an agent of the government of the Commonwealth of Virginia, did corruptly solicit, demand, accept, and agree to accept for himself <u>a thing of value, to-wit, a salaried position at the ODU Center for Teacher Quality and Educational Leadership</u>, intending to be influenced and rewarded in connection with business, a transaction, and a series of transactions of the Commonwealth of Virginia involving $5,000.00 or more, <u>to-wit: sponsorship of a budget amendment in the House of Delegates and voting on the state budget</u>.

Indictment at p. 9 (emphasis added).

Moreover, that Count One seeks to charge bribery, as opposed to some other proscribed act (such as, e.g., an illegal gratuity), is clear beyond cavil. Indeed, immediately under the caption styled "<u>COUNT ONE</u>" appears the descriptive word "<u>Bribery</u>." *Id.*

However, Count One, at Paragraph 23 above, only alleges in conclusory fashion that the defendant has committed federal program bribery. Nowhere in the jurisdictionally requisite facts in support of Count One, as alleged in the preceding Paragraphs 1 through 21, and incorporated by reference in Paragraph 22, is alleged the following essential element of bribery: that defendant's "thing of value, to-wit: a salaried position at the ODU Center for Teacher Quality and Educational Leadership," was in

2

fact a quid pro quo for defendant's "sponsorship of a budget amendment in the House of Delegates and voting on the state budget."

## Count Two

As with Paragraph 22 under Count One, Paragraph 24 of the Indictment incorporates by reference the facts alleged in Paragraphs 1 through 21 in support of the alleged extortion charge in Count Two.

Count Two, comprised only of Paragraphs 24 and 25, seeks to allege, in pertinent part, a violation of § 1951, in that the defendant allegedly committed:

> ...extortion, as that term is defined in...§ 1951;
> that is, HAMILTON obtained property, to-wit, salaried
> employment for himself, not due him or his office, and to
> which he was not entitled, from Old Dominion University,
> with the consent of Old Dominion University and its agents,
> under color of official right.

However, as with bribery under Count One at Paragraph 23, Count Two at Paragraph 25 also only alleges in conclusory fashion that the defendant committed extortion. Nowhere in the jurisdictionally requisite facts in support of Count Two, as alleged in the preceding Paragraphs 1 through 21, and incorporated by reference in Paragraph 24, is alleged an essential element of extortion "under color of official right," to-wit, also a quid pro quo.

The facts as pled fail to allege that the purportedly proscribed "salaried employment for himself...from Old Dominion University" was a quid pro quo for anything done or not done by the defendant.

## ARGUMENT

### I.
### COUNT ONE FAILS TO STATE THE OFFENSE OF BRIBERY AS IT FAILS TO ALLEGE A QUID PRO QUO.

3

*United States v. Jennings, 160 F.3d 1006 (4th Cir. 1998),* discusses the legislative history behind § 666. More specifically, the Court noted that the statute:

> …prohibits payoffs to state and local officials who influence the distribution of federal funds. Before § 666 was enacted in 1984, a circuit split raised doubt as to whether state and local officials could be considered "public officials" under the general federal bribery statute, 18 U.S.C. § 201….Congress acted to mend the split without awaiting word on this issue from the Supreme Court….<u>By enacting § 666 Congress supplemented § 201 to make clear that federal law prohibits "significant acts of…bribery involving Federal monies that are disbursed to private organizations or State and local governments pursuant to a Federal program.</u>"

*Id.* At 1012-13 (emphasis added).

Thus, there can be no doubt that § 666 proscribes the same genre of bribery as pre-existing § 201. § 666 merely broadens the reach of § 201's similar federal jurisdiction over criminal bribery involving federal public officials, to state and local officials (where certain other additional federal nexus jurisdictional requisites are met). Otherwise stated, the <u>core</u> elements of bribery under § 666 are still the same as those under § 201.

<u>The essence of bribery is a quid pro quo.</u> As *Jennings, supra*, pointed out:

> …<u>the payor of a bribe must intend to engage in " 'some more or less specific quid pro quo'"</u> with the official who receives the payment.[citations omitted]….*cf. also United States v. Niederberger, 580 F.2d 63, 68 (3d Cir. 1978)* (explaining that under § 201 the intent to "corruptly" receive a payment <u>means the intent to effectuate a quid pro quo)</u>; *United States v. Strand, 574 F.2d 993, 995 (9th Cir. 1978)* (same)…. *cf. also United States v. Griffin, 154 F.3d 762, 764 (8th Cir. 1998)* ("The core difference between a bribe and a gratuity is…<u>the *quid pro quo*</u>, or the agreement to exchange cash for official action."); *United States v. Mariano, 983 F.2d 1150, 1159 (1st Cir. 1993)* ("The essential difference between a bribe and an illegal gratuity is the <u>intention of the bribe giver to effect a quid pro quo</u>.").

4

*Jennings, supra*, *160 F.3d at 1013-15* (emphasis added).

Likewise, *Jennings, supra*, further reiterates this element of bribery, noting that, "One has the intent to corrupt an official only if he makes a payment or promise <u>with the intent to engage in a fairly specific quid pro quo with that official</u>." *Id.*, *160 F.3d at 1018-19* (emphasis added).

Indeed, as the Fourth Circuit also reiterated more recently in *United States v. Quinn,* 359 F.3d 666 (4th Cir. 2004):

> "<u>For bribery there must be a *quid pro quo*</u> – a specific intent to give or receive something of value *in exchange* for an official act." United States v. Sun-Diamond Growers *of Cal.,* 526 U.S. 398...(1999).

(emphasis added).

Federal Rule of Criminal procedure 7(c)(1) states as follows as to the sufficiency of an indictment:

> The indictment...must be a plain, concise, and definite written statement of the essential facts constituting the offense charged....

As discussed above, the existence of a quid pro quo is an essential element of a bribery allegation under § 666. However, the "plain, concise, and definite statement of the essential facts constituting the offense charged" under Count One, to-wit, bribery (federal program) fails either to allege directly a quid pro quo or to allege one in fact.

A careful examination of Paragraphs 1 through 21, which, according to Paragraph 22, comprise the essential facts pleaded in support of the federal program bribery charge as set forth in Paragraph 23 of Count One, reveals no such quid pro quo allegation.

For the foregoing reasons, therefore, the defendant respectfully submits that

Count One fails to state the offense of federal program bribery as a matter of law, and must either be dismissed or quashed.

## II.

### COUNT TWO FAILS TO STATE THE OFFENSE OF EXTORTION UNDER COLOR OF OFFICIAL RIGHT AS IT ALSO FAILS TO ALLEGE A QUID PRO QUO.

In *United States v. Buffey 899 F.2d 1402, 1403 (4th Cir. 1990)*, the Court held as follows:

> To obtain a conviction under the Hobbs Act... the government must prove
>
> (1) That the defendant coerced the victim to part with property; (2) that the coercion occurred through the "wrongful use of actual or threatened force, violence or fear or under color of official right"; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce.

Count Two of the Indictment seeks to charge the defendant, a public official, with a violation of the Hobbs Act by "Extortion Under Color of Official Right." (Indictment at p. 10). Under this prong of the Hobbs Act, a violation occurs "only if the payments are made for an explicit promise or undertaking by the official to perform or not to perform an official act," *McCormick v. United States, 500 U.S. 257, 273 (1991)*(emphasis added), i.e., a quid pro quo. *Id. at 271-72. See also Evans v. United States, 504 U.S. 255, 268* (Hobbs Act violation "under color of official right" at least requires "that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts.") (emphasis added), *cited with approval in United States v. Taylor, 993 F.2d 382, 385 (4th Cir. 1993)* ("*Evans* makes clear that the public official must obtain 'a payment to which he was not entitled, knowing that the payment

6

was made in return for *official* acts.'").

The foregoing authorities therefore establish that an alleged violation of the Hobbs Act by a public official "under color of official right" <u>contains a quid pro quo as an essential element</u>.  As one well-known commentator has written:

> After *McCormick* and *Evans*, it is essential any time a candidate or public official is prosecuted under the Hobbs Act <u>that the government prove a *quid pro quo*</u> "<u>in return for official acts</u>." [citations omitted].

Carl Horn, III, *Fourth Circuit Criminal Handbook* 319 (2009 ed.).

Thus, while Count One seeks to charge federal program bribery under § 666, and Count Two seeks to charge extortion under color of official right under §1951, <u>both counts require the same essential element of a quid pro quo</u>. Accordingly, if Count One fails to state an offense for failing to sufficiently allege a quid pro quo, then Count Two, whose Paragraph 24 simply incorporates by reference the same factual allegations in support of Count One, is equally defective.

In fact, other than Paragraph 24 (incorporating by reference Paragraphs 1 through 21 from Count One), the only other allegations pled in support of Count Two are found in Paragraph 25. That paragraph says nothing about a quid pro quo, but, rather, simply alleges, in pertinent part, that the defendant:

> …obtained property, to wit, salaried employment for himself, not due him or his office, and to which he was not entitled, from Old Dominion, with the consent of Old Dominion University…under color of official right.

Indictment at p. 10. This language is a far cry from the essential, requisite allegation of a quid pro quo.

## **CONCLUSION**

For the foregoing reasons, the defendant respectfully submits that Counts One

and Two are defective as a matter of law for failure to allege a quid pro quo, an essential element of federal program bribery and extortion under the color of official right. Accordingly, because these counts fail to state an offense, the Indictment must be dismissed or quashed.

                        PHILLIP A. HAMILTON
                        By: _____/s/_____
                                  Of counsel

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

    David V. Harbach , II, Esquire
    Assistant United States Attorney
    United States Attorney Office
    600 E Main Street, Suite 1800
    Richmond, VA 23219
    Telephone: (804) 819-7412
    Email: david.harbach@usdoj.gov

    Robert Joseph Seidel, Jr., Esquire
    Supervisory Assistant United States Attorney
    United States Attorney's Office
    101 W Main St, Suite 8000
    Norfolk, VA 23510
    Telephone: (757) 441-6331
    Email: rob.seidel@usdoj.gov

                                            /s/
                              Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\HOME\IC\HAMILTON Phil\BriefMot 1.docx