IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.                               Case No. 3:11cr13

PHILLIP A. HAMILTON,
         Defendant.

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE THE UNITED STATES FROM ASSERTING OR PURSUING ANY ALTERNATIVE THEORY OF CRIMINAL LIABILITY BASED UPON ALLEGED RECEIPT OF A GRATUITY BY DEFENDANT

COMES NOW the defendant, Phillip A. Hamilton, by counsel, and as and for his Brief In Support of his Motion In Limine To Preclude The United States From Asserting Or Pursuing Any Alternative Theory Of Criminal Liability Based Upon Alleged Receipt Of A Gratuity By Defendant, respectfully states as follows:

### INTRODUCTION

The government seeks to charge the defendant in Count One of the Indictment with federal program bribery under 18 U.S.C. § 666.

As previously discussed in Defendant's Motion To Dismiss Two-Count Indictment For Failure To State Offenses As A Matter Of Law, the charge of federal program bribery requires proof of a quid pro quo as an essential element of the offense. (*See* discussion of this element in Defendant's Brief In Support Of Motion To Dismiss Two-Count Indictment For Failure To State Offenses As A Matter Of Law, at pp. 3-5, incorporated by reference herein).

However, the defendant anticipates that the government may at some point seek to prove and/or argue that, in the alternative, even if, *arguendo*, there were no quid pro quo, the defendant is guilty of receiving a gratuity.

1

Bribery requires proof of such a quid pro quo, proof of a gratuity does not, the government does not allege a gratuity in Count One, and § 666 neither reaches nor proscribes within its terms a gratuity. Accordingly, the defendant respectfully submits that the Court should rule in limine that this theory of criminal liability is not available to the government in this case, in order that the Court may (1) appropriately narrow the issues for trial; and(2) avoid unnecessary consumption of time and potentially prejudicial evidence or argument at trial.

## **ARGUMENT**
## **I.**
## **UNLIKE BRIBERY,18 U.S.C. § 666 NEITHER REACHES NOR PROSCRIBES A GRATUTIY**

In *United States v. Jennings, 160 F.3d 1006 (4th Cir. 1998)*, the Court was asked to decide whether § 666 reached gratuities as well as bribes, or only proscribed bribes and not gratuities. The Court declined to decide the issue squarely, noting that such a decision was not necessary to resolve that particular appeal. More particularly, the Court stated:

> However, because the evidence was sufficient to prove that Jennings committed bribery, we need not decide whether § 666 prohibits gratuities. We therefore leave the definitive interpretation of § 666's language and statutory history for another day.

*Id., 160 F.3d at 1015* (emphasis added).

Nonetheless, prior to stating that it would decline to reach that determination on the merits, the *Jennings* Court engaged in a lengthy discussion of the distinctions between a bribe and a gratuity. *Id., 160 F.3d at 1014-15*. The Court emphasized that the critical and important distinction between a bribe and a gratuity was that the former required a quid pro quo as an essential element, while the latter did not. *Id*. Most

2

<u>significantly for the instant Motion</u>, in doing so, the Court all but expressly forecast that if squarely presented with the issue, the Court would very likely hold that while 18 U.S.C. 201 (bribery involving federal public officials) does clearly reach and proscribe a bribe as well as expressly make a gratuity a lesser included offense of that statute, § 666 (bribery involving state and local officials) does not. *Id., 160 F.3d at 1014-15*.

Not only did the *Jennings* Court persuasively reject the reasoning of several other Circuits that had permitted a gratuity theory under § 666, but the Court also compellingly analyzed the statutory history of § 666 to reject as well such an interpretation. *Id*. Indeed, the Fourth Circuit went so far as to note that "a court squarely addressing the issue could reasonably conclude that § 666(a)(2) prohibits bribes, but not gratuities...." *Id., 160 F.3d at 1015*.

The defendant respectfully submits that for the reasons so cogently stated by the Fourth Circuit in *Jennings*, § 666 simply neither reaches nor proscribes gratuities, but only bribes. If Congress wishes to broaden the scope of § 666 to reach gratuities, it certainly has the power to do so. Having declined to do so since the pertinent amendment of that statute some 25 years ago in 1986, coupled with the Fourth Circuit's reasoned argument in *Jennings*, the defendant respectfully submits that this Court should hold in limine that § 666 does not reach gratuities.

In doing so, the defendant respectfully submits that an Order in limine precluding the government from presenting evidence, or otherwise arguing, in support of a gratuity theory is appropriate (1) to narrow the issues for trial; (2) avoid unnecessary consumption of trial time on this issue; and (3) and to avoid potential undue prejudice to the defendant and a fair trial.

## **CONCLUSION**

For the foregoing reason, the defendant respectfully submits that an Order in limine as requested is both necessary and appropriate in the interests of justice and a fair trial.

                            PHILLIP A. HAMILTON
                          By:         /s/
                                    Of counsel

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

    David V. Harbach , II, Esquire
    Assistant United States Attorney
    United States Attorney Office
    600 E Main Street, Suite 1800
    Richmond, VA 23219
    Telephone: (804) 819-7412
    Email: david.harbach@usdoj.gov

    Robert Joseph Seidel, Jr., Esquire
    Supervisory Assistant United States Attorney
    United States Attorney's Office
    101 W Main St, Suite 8000
    Norfolk, VA 23510
    Telephone: (757) 441-6331
    Email: rob.seidel@usdoj.gov

                                      /s/
                              Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\HOME\IC\HAMILTON Phil\BriefMot 2.docx