IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.                                          Case No. 3:11cr13

PHILLIP A. HAMILTON,
         Defendant.

## DEFENDANT PHILLIP A. HAMILTON'S BRIEF IN SUPPORT OF RULE 7(d) MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT

COMES NOW THE DEFENDANT, Phillip A. Hamilton, by counsel, and as and for his Brief In Support Of Rule 7(d) Motion To Strike Surplusage From Indictment, respectfully states as follows:

## ARGUMENT

The defendant respectfully submits that Paragraphs 21(a) through (g), entitled "HAMILTON'S Concealment," (Indictment at pp. 7-8), are surplusage under FRCrP 7(d) and should be stricken as such from the Indictment.

FRCrP 7(d) states that, "Upon the defendant's motion, the court may strike surplusage from the indictment or information."

In *United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979)*, the Court discussed the purposes of Rule 7(d) as follows:

> The purpose of *Rule 7(d)* is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, 1 Wight, Federal Practice and Procedure, § 127 at 277, or not essential to the charge, *United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974)*, cert, den., *419 U.S. 1124, 95 S. Ct. 810, 42 L. Ed. 2d 824*, or unnecessary, or inflammatory, *Dranow v. United States, 307 F.2d 545, 558, (8th Cir. 1962)*. A *Rule 7(d)* motion is addressed to the discretion of the district court, *Kemper at p. 329, Dranow at p. 558*; 1 Wight, Federal Practice and

1

Procedure, § 127 at 277-78.

(emphasis added).

The allegations contained in Paragraphs 21(a) through (g) of the Indictment are unnecessary and inflammatory. They are much more in the nature of argument than mere factual allegations. Indeed, one need look no farther than the government's self-selected characterization of the allegations in Paragraphs 21(a) –(g), to-wit, its heading entitled "HAMILTON'S Concealment," to recognize that these allegations are included as much for effect as for pleading requisites.

It is paradoxical that, as argued in Defendant's Motion To Dismiss filed contemporaneously herewith, the government has nowhere in the Indictment specifically alleged a quid pro quo, even though such is an essential element of both Counts One and Two. Yet, the government devotes a number of sub-paragraphs spanning two pages of the Indictment to identify what it editorializes in the Indictment as acts of "concealment."

"Concealment" is neither an element of the charges in this Indictment, nor necessary to its sufficient pleading. Where allegations such as these are prejudicial to a defendant, and are both unnecessary and inflammatory, the Court should strike them as surplusage to assure a fair trial.

## CONCLUSION

For the reasons stated above, the defendant respectfully submits that the Court should enter an Order pursuant to Rule 7(d) striking as surplusage Paragraphs 21(a) through (g) of the Indictment.

> PHILLIP A. HAMILTON
> By: _____/s/_____
>         Of counsel

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this 21st day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

     David V. Harbach , II, Esquire
     Assistant United States Attorney
     United States Attorney Office
     600 E Main Street, Suite 1800
     Richmond, VA 23219
     Telephone: (804) 819-7412
     Email: david.harbach@usdoj.gov

     Robert Joseph Seidel, Jr., Esquire
     Supervisory Assistant United States Attorney
     United States Attorney's Office
     101 W Main St, Suite 8000
     Norfolk, VA 23510
     Telephone: (757) 441-6331
     Email: rob.seidel@usdoj.gov

                                    /s/
                                  Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center

150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\HOME\IC\HAMILTON Phil\BriefMot 3.docx