IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 3:11cr13

PHILLIP A. HAMILTON,
         Defendant.

## DEFENDANT'S BRIEF IN RESPONSE TO GOVERNMENT MOTION TO ADMIT INTO EVIDENCE ELECTRONIC MESSAGES STORED BY THE DEFENDANT AND PREVIOUSLY EXCHANGED BETWEEN THE DEFENDANT AND HIS SPOUSE

COMES NOW the defendant, Phillip A. Hamilton, by counsel, and as and for his Brief In Response To Government Motion To Admit Into Evidence Electronic Messages Stored By The Defendant And Previously Exchanged Between The Defendant And His Spouse, respectfully states as follows:

### Introduction

The government seeks to enter into evidence at trial a series of e-mails exchanged between the defendant, Phillip A. Hamilton, and his wife, Kimberly Hamilton, which were sent on August 16, 2006.

At the time, the defendant was an employee with Newport News Public Schools (NNPS) and sent the e-mails to his wife from his work computer using an e-mail client called Outlook. The defendant's work computer required a log-in password to operate. Also at the time of the e-mail exchange between the defendant and his wife, it is apparent that NNPS did not have a computer workplace use policy in effect, an important detail of which the government concedes.

In June 2007 and January 2008, well after the subject exchange between the defendant and his wife, NNPS subsequently implemented workplace technology use policies. Then, in February 2008, NNPS implemented a system in which a banner appeared before the computer

1

log-in prompt which advised that data stored and transmitted over the computer system may be monitored. This banner system was implemented over seventeen months following the subject e-mail exchanges between the defendant and his wife.

On September 2, 2009, the August 16, 2006 e-mail exchange between the defendant and his wife were seized pursuant to a search warrant. At that time, the August 16, 2006 e-mail exchange was stored on the defendant's password protected NNPS work computer. The defendant had organized/archived his old e-mails into folders which were labeled by year.

The government argues that the January 2008 workplace technology use policy, the policy in effect at the time of the execution of the search warrant, should control the admissibility of the August 16, 2006 marital communication despite the fact that no workplace technology use policy was in place at the time of the communication.

The August 16, 2006 e-mail exchanges between the defendant and his wife were confidential communications between spouses of which the defendant had a reasonable expectation of privacy, and made under circumstances that prove the communications were, and intended to be, private. Accordingly, the defendant respectfully submits that the subject marital communications are privileged, that the privilege has not been waived, and that the e-mails are not admissible at trial.

## Argument

In *Wolfle v. United States*, 291 U.S. 7 (1934), the Supreme Court recognized the privilege in confidential marital communications and noted that the basis of the privilege, the protection of confidential marital communication, was "so essential to the preservation of the marriage relationship as to outweigh the disadvantage of the administration of justice which the privilege entails." *Id.* at 14. The Court also noted that marital communications are presumed to be

2

confidential, but if the nature and circumstances surrounding the communication show that it was not intended to be confidential, then the communication is not privileged. *Id*. Specifically, communications which are made in the presence of a third party are not confidential and thus, are not privileged. *Id*.

The Supreme Court has also held that "public employees did have *Fourth Amendment* rights in their offices, but that their reasonable expectations of privacy could be reduced by virtue of actual office practices and procedures, or by legitimate regulation." *O'Connor v. Ortega*, 480 U.S. 709, 717 (1987). Because of the many different types of public work environments, the Court noted that questions of public employees' reasonable expectation of privacy should be addressed on a case-by-case basis. *Id*. at 718.

Also, given the nature of martial communication, it the burden of the government to demonstrate that the marital confidential communication privilege has been waived. *See Blau v. United States*, 340 U.S. 332, 333-34 (1951). The government has not met its burden.

At the time of the communication, the nature and circumstances surrounding the email exchange between the defendant and his wife made it clear the communication was intended to be confidential, and it was objectively reasonable for the defendant to believe the communication was private, and therefore privileged. At the time of the August 16, 2006 email exchange, the defendant needed a private log-in to access his email from his work computer. At that time, there was no policy in place regulating workplace computer use. There is no proffered evidence that at that time the defendant's work computer was subject to routine searches and/or monitoring. Additionally, there were no other parties listed as recipients or carbon copied to the e-mail communication. The communication was intended to be confidential, and it was reasonable for the defendant to believe the e-mails were confidential under the circumstances.

In *Sprenger v. Rector and Board of Visitors of Virginia Tech, et al.*, 2008 U.S. Dist. LEXIS 47115 (W.D. Va. 2008), the Court addressed the issue of whether e-mails sent to or from a work e-mail account using a work computer are privileged. *Id.* at 6. The Court relied upon four factors to measure an employee's expectation of privacy in his computer use:

> (1) Does the corporation maintain a policy banning personal or other objectionable use, (2) does the company monitor the use of the employee's computer or e-mail (3) do third parties have a right of access to the computer of e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies.

*Id.* at 8 (citing *In Re Asia Global Crossing, Ltd.*, 322 B.R. 247 (Bankr. S.D.N.Y. 2005).

In granting a motion to quash, the Court in *Sprenger* relied on the fact (1) that there was no showing that the spouses were notified of the policy by log-on banner, flash screen, or employee handbook, (2) that the spouses were ever actually aware of the policy in place, (3) that it was unclear whether third parties had a right to access e-mails, and (4) that the records did not show that the policy was regularly enforced or if state employees were actually monitored. *Id.* at 13. The Court further noted the presumptively confidential nature of marital communications. *Id.* (citing *Blau*, 340 U.S. 332, 333-34 (1951).

Similarly, at the time of the August 16, 2006 e-mail exchange between the defendant and his wife, the defendant's computer had no log-on banner or flash screen. It is also unclear if third parties had access to the defendant's e-mails at the time. There is also no record to determine if employee e-mails were monitored. In fact, there was no workplace computer or e-mail policy in place whatsoever on August 16, 2006. It was not until June 2007 that a workplace computer use policy was implemented.

The government is asking the Court to relate back the January 2008 policy to a confidential communication that occurred on August 16, 2006. Assuming, *arguendo*, that the June 2007 or January 2008 computer workplace use policies made it unreasonable to believe that a marital communication was private, no policy was implemented until over ten months following the e-mail exchange. The subsequent policy changes cannot transform a confidential communication between spouses, under circumstances intended and reasonably believed to be private, into an unprivileged communication.

Also, the fact that the defendant continued to archive his emails, including the August 16, 2006 martial communication, in folders, organized by year, at the time of the execution of the September 2, 2009 search warrant does not change the analysis. Again, at the time of the August 16, 2006 e-mail exchange between the defendant and his wife, a time in which no workplace computer policy was in place, it was reasonable to believe the communication was confidential and privileged. To apply the subsequent NNPS policies to the August 16, 2006 e-mails would unreasonably require and burden the defendant to search, analyze, and delete messages that were formerly presumed, and in fact were, confidential. To allow a subsequent policy implementation and/or revision to so easily convert these privileged communications into unprivileged communications would run afoul of the purpose of the long recognized and protected marital communication privilege that is "so essential to the preservation of the marriage relationship as to outweigh the disadvantages of the administration of justice which the privilege entails." *Wolfle*, 291 U.S. at 14.

## Conclusion

For the foregoing reason, the defendant respectfully submits that the government's Motion should be denied.

PHILLIP A. HAMILTON

By:     /s/
       Of counsel

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

David V. Harbach, II, Esquire
Assistant United States Attorney
United States Attorney Office
600 E Main Street, Suite 1800
Richmond, VA 23219
Telephone: (804) 819-7412
Email: david.harbach@usdoj.gov

Robert Joseph Seidel, Jr., Esquire
Supervisory Assistant United States Attorney
United States Attorney's Office
101 W Main St, Suite 8000
Norfolk, VA 23510
Telephone: (757) 441-6331
Email: rob.seidel@usdoj.gov

    /s/
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire
VSB#: 20082
Stanley E. Sacks, Esquire
VSB#: 04305
William F. O'Mara, Jr., Esquire
VSB#: 77146
Attorneys for defendant Phillip A. Hamilton
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com