IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No.: 3:11CR13–HEH |
| | ) |
| PHILLIP A. HAMILTON, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
(Defendant's Motion for New Trial)

On May 11, 2011, at the close of an eight day jury trial, the Defendant, Phillip A. Hamilton ("Hamilton"), was convicted of Bribery, in violation of 18 U.S.C. § 666(a)(1)(B), and Extortion Under Color of Official Right, in violation of 18 U.S.C. § 1951. His conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on December 13, 2012, *United States v. Hamilton*, 701 F.3d 404 (4th Cir. 2012). His Petition for Certiorari was denied by the United States Supreme Court on April 15, 2013, *Hamilton v. United States*, 133 S. Ct. 1838 (2013). Hamilton's Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33,[1] which he filed *pro se*[2] and is presently before the Court, was timely filed on May 1, 2014. Both Hamilton and the United States have filed memoranda supporting their respective positions.

---

[1] The pleading is entitled "Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33 on the Grounds of Newly-Discovered Evidence that the Government's Star, Immunized Witness, David Blackburn, Lied, While Under Oath, at Trial About a Central Disputed Fact" (ECF No. 159). Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

[2] While "[p]ro se litigants are entitled to some deference from courts," such deference is not unlimited. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted).

The government's evidence at trial revealed that Hamilton, an elected member of the Virginia House of Delegates, was instrumental in securing a $500,000 appropriation for Old Dominion University, in Norfolk, Virginia, for the development of a Center for Teacher Quality and Education Leadership (the "Center"). The evidence further disclosed that, as a direct result of his facilitation of this appropriation, Hamilton was offered the position of Director of the Center with an annual salary of $40,000. According to the government's evidence, but for Hamilton's shepherding of the appropriation through the Virginia General Assembly, he never would have been offered the job of director.

Hamilton's motion for a new trial focuses on the testimony of David A. Blackburn ("Blackburn"), a staff member at Old Dominion University.[3] Blackburn was a key contact for Hamilton at the University in the acquisition of the requisite appropriation for development of the Center. Blackburn was a critical witness in proof of the government's case.

Hamilton's motion for a new trial is predicated on his contention that he has

> (1) newly-discovered evidence by the defendant that the government's star, immunized witness, David Blackburn, repeated lied to the FBI during its 17-month investigation of the defendant, (2) lied, while under oath, to two different grand juries, (3) provided untruthful information to the House Ethics Advisory Committee, and (4) lied, while under oath, about a central material matter, to the trial jury during the cross examination by defense counsel.

(Def.'s Motion for New Trial 1.)

---

[3] Hamilton also intimates that the government's decision to offer immunity to Blackburn was such an egregious abuse of discretion that Rule 33 relief is warranted. Since the jury presumably weighed this fact in assessing Blackburn's credibility, this claim presents no basis for a new trial.

2

The standard to be applied in evaluating motions for new trial based on newly discovered evidence was restated by the Fourth Circuit in *United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010):

> In analyzing whether newly discovered evidence requires a new trial, we look to five factors: (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

627 F.3d 941, 948 (4th Cir. 2010) (citing *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993)). The court in *Robinson* also stressed that "[w]ithout ruling out the possibility that a rare example might exist, we have never allowed a new trial unless all five elements were established." 627 F.3d at 948 (quoting *United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001)). The Fourth Circuit has cautioned district courts to exercise its discretion to grant new trials sparingly. *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003).

Critical to Hamilton's Rule 33 motion is fulfillment of the requirement that it be predicated on newly discovered evidence. As demonstrated by Hamilton's supporting memorandum of law, his allegations are based entirely on testimony presented during his trial. This is confirmed by specific verbatim recitation of Blackburn's testimony from the trial transcript. (Def.'s Mem. Support Mot. New Trial 6–20, ECF No. 160.) In fact, Hamilton makes the following contention:

> The trial transcript of David Blackburn's testimony again demonstrates his knowing and willful intention to lie, while under oath, even during the trial

3

> and under an immunity agreement that requires that he provide the full truth. From the presented testimony of David Blackburn, one can conclude, beyond any reasonable doubt, that the government knowingly and willfully granted immunity to an admitted perjurer in exchange for false testimony on the essential element, quid pro quo, of the alleged criminal violation.

(*Id.* 20.)

Hamilton seeks to bypass the strict requirement of demonstrating that the evidence he seeks to offer is newly discovered. He contends, in effect, that its significance was not apparent until he reviewed the transcript several years after the trial. While he styles the false statements of Blackburn prior to and during his testimony as newly discovered, as the record reveals, his trial counsel confronted Blackburn with each of these statements on cross examination. Furthermore, Blackburn conceded that he had previously made false statements to the FBI, federal grand jury, and the Ethics Advisory Committee of the Virginia House of Delegates during direct examination. (Def.'s Resp. Gov't's Opp'n 5, ECF No. 167.) Blackburn's credibility was a central issue in each counsel's final argument to the jury. Since the newly discovered evidence advanced by Hamilton is merely a transcript of testimony heard by him during the trial of his case, it cannot logically be considered newly discovered.

Even if Hamilton were able to show that the false statements made by Blackburn, prior to and during trial, could be properly characterized as newly discovered evidence, it would not entitle him to a new trial. As the Fourth Circuit noted in *Custis*, "[o]n its face, the evidence offered by Custis fails to meet [the standard for granting a new trial] -- it is 'merely impeaching.' This circuit has emphasized that new evidence going only to the

credibility of a witness does not generally warrant the granting of a new trial." 988 F.2d at 1359 (quoting *United States v. Stockton*, 788 F.2d 210, 220 (4th Cir. 1986)). The court in *Custis* acknowledged that there may be an exceptional rare case that would justify granting a new trial solely on the basis of newly discovered impeachment evidence. *See United States v. Taglia*, 922 F.2d 413, 415–16 (7th Cir. 1991); *see also Custis*, 998 F.2d at 1359. The exceptional circumstances identified by the Seventh Circuit in *Taglia* were, however, quite narrow:

> If the government's case rested entirely on the uncorroborated testimony of a single witness who was discovered after trial to be utterly unworthy of being believed because he had lied consistently in a string of previous cases, the district judge would have the power to grant a new trial in order to prevent an innocent person from being convicted.

922 F.2d at 415.

The immediate case bears no similarity to the exceptional circumstances envisioned in *Taglia*. Here, each and every inconsistent and false statement was elicited on cross examination and discussed by counsel on final argument. The jury, after hearing all the other evidence in the case, simply chose to credit Blackburn's testimony, at least in part.[4]

Lastly, as the government points out, Hamilton is unable to advance a persuasive claim that the newly discovered evidence will probably result in an acquittal at a new

---

[4] Relying on *United States v. Wilson*, 624 F.3d 640 (4th Cir. 2010), Hamilton argues that the government's abuse of discretion in offering immunity to Blackburn was so egregious as to warrant a new trial. His reliance on *Wilson* is misplaced. *Wilson* dealt with the standard of review by the trial court of motions for new trial based on alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963). Unlike *Brady*, the case at hand does not involve the withholding of exculpatory information—to the contrary, the statements at issue here were presented at trial.

trial—a vital element of the five part test for Rule 33 motions. *See Custis*, 988 F.2d at 1359. As discussed above, the jury heard the precise evidence that Hamilton now argues would probably result in an acquittal at a new trial. Since the jury in this case was unpersuaded by the evidence, there is no reason to believe that another jury panel would find differently.

Hamilton's Motion for a New Trial will therefore be denied. His Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 will be addressed in a separate Memorandum Opinion.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: August 13, 2014