IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA          )
                                  )
v.                                )     Case No.: 3:11CR13–HEH
                                  )
PHILLIP A. HAMILTON,              )
                                  )
          Petitioner.             )

## MEMORANDUM OPINION
### (Denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255)

The Petitioner, Phillip A. Hamilton ("Hamilton"), presently a federal inmate, was convicted by a jury of this Court on May 11, 2011 of Bribery, in violation of 18 U.S.C. § 666(a)(1)(B), and Extortion Under Color of Official Right, in violation of 18 U.S.C. § 1951. His conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on December 13, 2012, *United States v. Hamilton*, 701 F.3d 404 (4th Cir. 2012). His Petition for Certiorari was denied by the United States Supreme Court on April 15, 2013, *Hamilton v. United States*, 133 S. Ct. 1838 (2013). This case is presently before the Court on Hamilton's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 154), which he has timely filed *pro se*. Both Hamilton and the United States have filed memoranda supporting their respective positions. Hamilton's trial counsel, Andrew M. Sacks, Esquire ("Sacks"), has filed a Declaration.[1]

---

[1] By Order entered August 13, 2014, this Court denied Hamilton's separate motion entitled "Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33 on the Grounds of Newly-Discovered Evidence that the Government's Star, Immunized Witness, David Blackburn, Lied, While Under Oath, at Trial About a Central Disputed Fact."

The government's evidence at trial revealed that Hamilton, an elected member of the Virginia House of Delegates, was instrumental in securing a $500,000 appropriation for Old Dominion University ("ODU"), in Norfolk, Virginia, for the development of a Center for Teacher Quality and Education Leadership (the "Center"). The evidence further disclosed that, as a direct result of his facilitation of this appropriation, Hamilton was offered the position of Director of the Center with an annual salary of $40,000. According to the government's evidence, but for Hamilton's shepherding of the appropriation through the Virginia General Assembly, he never would have been offered the job of director.

David A. Blackburn ("Blackburn"), a staff member at ODU, was a key contact for Hamilton at the University in the acquisition of the requisite appropriation for development of the Center. Blackburn was a critical witness in proof of the government's case. Blackburn conceded without hesitation during the trial that he had made prior false and inconsistent statements. He acknowledged making false statements to the FBI, two federal grand juries, and on direct examination during Hamilton's trial. Each of these false statements, and Blackburn's untruthful representations to an investigative committee of the Virginia General Assembly, were thoroughly revealed to the jury.

Aside from rearguing the strength of the government's case, the central claim in Hamilton's petition is that he received ineffective assistance from his trial counsel. To demonstrate ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the

2

defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient,

performance prong of *Strickland*, the defendant must overcome the "'strong presumption'

that counsel's strategy and tactics fall 'within the wide range of reasonable professional

assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2011) (quoting *Strickland*,

466 U.S. at 689). The prejudice component requires a defendant to "show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In analyzing ineffective assistance of counsel claims, it is not necessary to

determine whether counsel performed deficiently if the claim is readily dismissed for lack

of prejudice. *Id.* at 697. To prevail, petitioner must demonstrate a reasonable probability

of a different outcome. *Lenz v. Washington*, 444 F.3d 295, 302 (4th Cir. 2006).

Hamilton bears the burden of proving his claim under 28 U.S.C. § 2255 by a

preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.

1958).

Hamilton's claim of ineffective assistance of counsel appears to have several

distinct elements. The centerpiece of his petition is his contention that the trial court

lacked federal jurisdiction with respect to count one, charging bribery, in violation of 18

U.S.C. § 666. Relying on a graveyard of superseded authority, Hamilton contends that

his trial counsel was remiss in not arguing that the appropriation for the development of

the Center at ODU involved only state funds. Hamilton further maintains in his petition

that his counsel was ineffective for not moving to dismiss the bribery count on the ground

3

that his salary was bonafide.  Hamilton argues that this issue should have been raised by

his counsel in the form of a pretrial motion.  Hamilton bases his assertion on language

contained in 18 U.S.C. § 666(c), which applies to bona fide salaries paid in the usual

course of business—which was clearly not the case here.

As the government points out in its responsive pleading, 18 U.S.C. § 666(b) does

not require proof of a direct nexus between federal funding and the alleged act of

corruption.  As the United States Supreme Court stressed in *Salinas v. United States*, 522

U.S. 52, 58 (1997), acts of corruption under § 666(b) are "not confined to a business or

transaction which affects federal funds" but extends to "all cases in which an

organization, government, or agency receives the statutory amount of benefits under a

federal program." *Id.* at 57 (internal quotation marks omitted).  The plain language of

§ 666 stakes its boundaries.  Its application extends to any "organization, government, or

agency [receiving,] in any one year period, benefits in excess of $10,000 under a Federal

program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of

Federal assistance." 18 U.S.C. § 666(b).  Because the evidence revealed that the

Commonwealth of Virginia received approximately $5 million per year in federal

funding (Tr. Trans. at 674, ECF No. 137) the budget amendment funding the Center at

ODU satisfied the requirements of § 666(b). *See United States v. Grubb*, 11 F.3d 426,

433–34 (4th Cir. 1993).  Hamilton's argument to the contrary is premised on *United*

*States v. Zwick*, 199 F.3d 672 (3d Cir. 1999) and *United States v. Foley*, 73 F.3d 484 (2d

Cir. 1996).  As the government correctly notes, both of these cases were overruled by the

United States Supreme Court in *Sabri v. United States*, 541 U.S. 600, 604 (2004).

4

In a subsidiary argument, Hamilton faults trial counsel for his failure to move to dismiss count one, charging bribery, on the ground that the salary paid to him by ODU— the alleged bribe—was a bona fide salary paid in the usual course of business and exempted from the statute under § 666(c). The evidence disclosed that the salary was paid as a *quid pro quo* for the underlying appropriation. Counsel's decision not to file such motion was appropriate and consistent with the law in the Fourth Circuit.

Aside from Rule 12(b)(2), there is no provision for pretrial summary relief in the Federal Rules of Criminal Procedure. Rule 12(b)(2) provides that: "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). A district court may consider a pretrial motion to dismiss an indictment where the pertinent facts are not in dispute. *United States v. Weaver*, 659 F.3d 353, 355 n.1 (4th Cir. 2011); *see also United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). Even if the provision of § 666(c) applied in Hamilton's case, it would not have been appropriately raised at the pretrial stage because it involved the determination of a critical factual issue.[2]

---

[2] In his declaration, Hamilton's trial counsel, Sacks, plausibly explained,

> I have found that by focusing on one or a limited number of issues that have merit, and not contesting matters that are effectively incontestable or peripheral to the ultimate issue, you gain a measure of credibility with the judge and jury and increase the changes of a favorable resolution for your client. In this case, in my judgment, based on my knowledge of the facts of this case and the applicable law, the best possible defense was to argue that there was no *quid pro quo* arrangement between Mr. Hamilton and any persons at Old Dominion University . . . .

(Gov't's Resp. Opp'n, Ex. A, ¶ 6a, ECF No. 162-A (hereinafter "Sacks Decl.").)

With respect to count two, charging extortion under color of official right, in

violation of 18 U.S.C. § 1951, Hamilton impugns his counsel's failure to challenge the

interstate commerce element of the statute.  Hamilton argues that the government

"produced no evidence or testimony at trial that he knowingly and unlawfully or

negatively impacted any interstate commerce actions of ODU." (Def.'s Resp. Gov't's

Opp'n 23, ECF No. 165.)  Hamilton also adds that

> by simply subtracting the defendant's bona fide salary from the additional
> revenue his employment services generated, the defendant actually
> increased revenue, by approximately $50,000, that ODU could use for its
> interstate commerce.  The defendant cannot find any federal or state law or
> any federal or state court precedent where a lawful, positive impact,
> through legally generated revenue that could be used to promote interstate
> commerce, is a federal or a state crime.

(*Id.* 24.)

Eighteen U.S.C. § 1951 simply does not contemplate the degree of obstruction

envisioned by Hamilton.  The statute reads, in pertinent part, "[w]hoever in any way or

degree obstructs, delays, or affects commerce or the movement of any article or

commodity in commerce, by robbery or extortion . . ." shall be guilty under this section.

18 U.S.C. § 1951(a).

It is well established that this element of 18 U.S.C. § 1951 requires only that the

government prove a "minimal" effect on interstate commerce.  *United States v. Spagnolo*,

546 F.2d 1117, 1119 (4th Cir. 1976).  As the Fourth Circuit explained in *United States v.*

*Buffey*, § 1951 only requires the effect on interstate commerce to be *de minimis*.  899

F.2d 1402, 1404 (4th Cir. 1990); *see also United States v. Taylor*, ___ F.3d ___ , No. 13-

4316 Slip. Op. 7 (4th Cir. 2014).  Moreover, the government is not required to prove that

6

the "defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions." *United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003). Obviously, the money appropriated to ODU in the budget amendment, and Hamilton's salary, were more than necessary to demonstrate a *de minimis* impact on interstate commerce. Hamilton's counsel made a reasonable decision not to pursue this frivolous legal argument.

Hamilton turns next to his counsel's request for a continuance seventeen days before trial. Sacks acknowledges in his declaration that he "would have liked additional time to prepare for trial." (Sacks Decl. ¶ 8.) He adds,

> However, when the motion was denied, I did ready myself for trial and was fully prepared for trial. . . . I had represented Mr. Hamilton for a lengthy period pre-indictment, and through that representation had become familiar with the central documentary evidence in the case. I reviewed the discovery produced by the government pre-trial, and was ready and prepared to cross-examine government witnesses and present the defense. . . . I note that the motion to continue that I filed was based in part on the need for more time to secure the testimony of two potential defense witnesses: Roseann Runte and Walter Segaloff. However, I was able to secure the testimony of both witnesses for trial . . . .

(*Id.*) Sacks also points out in his declaration that he had represented Hamilton in the federal criminal investigation preceding his indictment since September 2009. (Sacks Decl. ¶ 5.)

Hamilton fails to particularize how a continuance of his trial date would have enhanced the strength of his counsel's performance or the likelihood of acquittal. This argument fails both the performance and prejudice prongs of the *Strickland* test. *Strickland*, 466 U.S. at 687, 692–94.

Hamilton also challenges a number of strategic decisions by trial counsel, including his failure to object to the contents of certain emails,[3] failure to present evidence rebutting the suggestion that Hamilton was in poor financial condition, neglecting to move for a mistrial based on Blackburn's alleged perjury, and failure to call additional unidentified defense witnesses. As discussed in detail in this Court's Memorandum Opinion denying Hamilton's Motion for New Trial (ECF No. 168), Blackburn's prior inconsistent and false statements were thoroughly presented to the jury on direct and cross examination. While Blackburn's prior false statements were appropriately weighed by the jury in assessing his credibility, that would not, standing alone, provide the basis for a mistrial. To warrant the declaration of a mistrial, Sacks would have to demonstrate prosecutorial misconduct by proving that the government knowingly presented false testimony. *See United States v. Jackson*, 327 F.3d 273, 297 (4th Cir. 2003). The record in this case reveals the contrary. Trial counsel concedes in his declaration that he was unaware of any such misconduct on the government's part. (Sacks Decl. ¶ 12.)

Hamilton next alleges that Sacks was ineffective, and violated the attorney-client privilege,by revealing to the probation officer Hamilton's comments and objections to the Presentence Investigation Report. As Sacks explains in his declaration, it is the duty of

---

[3] Hamilton's attorney moved to exclude all email traffic between the defendant and his wife on the ground of martial privilege and violation of his Fourth Amendment rights. The denial of this motion by the district court was affirmed by the U.S. Court of Appeals for the Fourth Circuit in *United States v. Hamilton*, 701 F.3d 404 (4th Cir. 2012).

trial counsel to bring to the court and probation officer's attention objections to the

Presentence Investigation Report.

> Contrary to [Mr. Hamilton's] assertion, it was my duty to provide the
> [Presentence Investigation Report] to Mr. Hamilton so that he could
> provide me with any proposed changes, corrections, amendments, or
> deletions. It was my further duty to then forward on such proposed
> information to the Probation Officer so that such proposed information
> could be reflected in the Report. . . . [T]he information contained in Mr.
> Hamilton's comments, in my judgment, needed to be forwarded to
> Probation as part of my duties in the sentencing process, and that is why I
> did so.

(Sacks Decl. ¶ 15.) Sacks' decision to forward this information to the probation officer

was objectively reasonable and without demonstrated prejudice to Hamilton.[4]

Hamilton's final claims of ineffective assistance of counsel merit minimal

discussion. He maintains that Sacks failed to challenge the venue of the court and should

have moved to transfer proceedings to the Newport News or Norfolk divisions of this

judicial district. Under Fed. R. Crim. P. 18, venue was appropriate in the Eastern District

of Virginia, Richmond Division, where many of the alleged criminal acts occurred and

witnesses were based. Trial counsel had no tenable basis to request a transfer of the case

to a different division of this district.

In his final claim, Hamilton faults his attorney for failing to vigorously assail the

government's overreaching and abuse of discretion in the prosecution of his case. He

---

[4] Hamilton also appears to fault Sacks for not advising him that he could be subject to a
sentencing enhancement for obstruction of justice if the trial court concluded that his testimony
was false. Although this Court's survey of sentencing guidelines jurisprudence reveals no case
imposing such a duty on trial counsel, Sacks, in his declaration, believes that he "reference[d] the
obstruction enhancement as one of the possible enhancements if Mr. Hamilton went to trial and
was convicted." (Sacks Decl. ¶ 14.)

maintains that the government distorted the concepts of bribery and extortion, offered immunity to a perjurer, and encroached on the sovereignty of the Commonwealth of Virginia by misusing Commerce Clause powers. Simply put, the record fails to support any of these contentions and Sacks exercised sound discretion in choosing not to pursue them. As Sacks wisely notes in his declaration, he chose to focus the attention of the court and the jury on those issues best calculated to produce a favorable outcome.

Viewing the record as a whole, Hamilton fails to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness. Hamilton's perception of ineffectiveness flows from his misunderstanding of the law and misconstruction of the evidence. Sacks' tactical decisions appeared calculated and based on reasoned judgment. Decisions pertaining to "trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pretrial motions should be filed" reside with trial counsel. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (internal quotation marks and citation omitted); *see also United States v. Chapman*, 593 F.3d 365, 368 (4th Cir. 2010). Moreover, there is a strong presumption that counsel exercised reasonable professional judgment in his representations. *Strickland*, 466 U.S. at 690.

Despite a broad array of challenges to the strategy and judgment of his counsel, Hamilton has not demonstrated that counsel's performance was inadequate, ineffective or prejudicial. Hamilton's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 18 U.S.C. § 2255, will therefore be denied.

10

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
United States District Judge

Date: August 22 2014